IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 85-049

IN THE MATTER OF K.H.,
YOUTH IN NEED OF CARE.

OPINION AND ORDER

FILED

JUN 6 1985

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

Due to the excessive lapse of time and in light of the singular importance of this matter this Court suspends the rules pursuant to Rule 3, M.R.App.Civ.P., and invokes its inherent supervisory powers.

On November 26, 1984, the Rosebud County Attorney petitioned in District Court for intervention in a domestic relationship wherein K.H., a child, was allegedly being sexually abused. This petition was one for temporary investigative authority and protective services pursuant to § 41-3-402, MCA.

At the initial hearing on December 6, 1984, the affidavit supporting the petition was insufficient and the District Court ordered a new petition and affidavit be filed. Temporary custody of K.H. was awarded to the county welfare department. This order was an order for immediate protection of youth pursuant to § 41-3-403, MCA.

At the second hearing, on December 17, 1984, with new petition and affidavit, the District Court found probable cause for State intervention and ordered temporary investigative authority until February 4, 1985. During this time, custody was in the mother and restrictions were placed on the father's visitation.

- 1 -

The parents filed a notice of appeal on January 21, 1985. The proceeding was properly placed in abeyance by the District Court because the notice of appeal removed jurisdiction from the District Court and vested it in this Court.

We note that an order for temporary investigative authority and protective services may be an appealable order within Rule 1, M.R.App.Civ.P., particularly in the instance where a parent is deprived of custody. However, in such a case appeal will ordinarily not be an adequate remedy because of the time necessarily involved. Therefore, the relief of an aggrieved party should properly be pursued through a writ of certiorari, habeas corpus, or supervisory control.

The record before this Court is sufficient to render a decision and order. Both sides of this matter are adequately set forth. We hold that the proceedings at District Court are in substantial compliance with the applicable statutes and rules.

IT IS ORDERED:

The appeal shall be treated as a writ of certiorari. The writ is denied on the grounds that the District Court proceedings are in substantial compliance with law and the petitioners were not prejudiced thereby.

The District Court shall conduct an adjudicatory hearing on the Matter of K.H. at the earliest possible time.

DATED this 6th day of June, 1985.

_____
Chief Justice

John Conway Harrison

- 2 -

_William E. Hunt Sr._

_Fred J. Fisher_

_John C. Sheehy_

_Frank B. Morrison_

_L. C. Gulbrandson_

Justices